IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOUSTON BYRD,

    Plaintiff,

                         Case No. 2:21-cv-2447
                         Chief Judge Algenon L. Marbley
    v.                   Magistrate Judge Chelsey M. Vascura

JP MORGAN CASE,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff, Houston Byrd, an Ohio resident who his proceeding without counsel, brought this action in state court against Defendant JP Morgan Chase. Although Plaintiff's Complaint lacks clarity, he references a number of federal and state laws that he appears to maintain Defendant violated. Defendant filed a Notice of Removal (ECF No. 1), removing this action on the basis of original jurisdiction under 28 U.S.C. § 1331. Defendant points out that Plaintiff alleges that Defendant violated numerous statutes. This matter is before the Court for consideration of Plaintiff's Motion to Strike Removal (ECF No. 7), in which Plaintiff maintains that Defendant's removal of this action from state court was improper. The undersigned construes Plaintiff's Motion to Strike Removal as a motion for remand, and, for the reasons that follow, **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). Generally, a

defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted).

Here, Defendant properly initiated removal of this action by filing a Notice of Removal (ECF No. 1) that contains a statement of the grounds for removal, namely, that this Court has original jurisdiction because Plaintiff purports to bring claims arising under federal laws. Review of Plaintiff's Complaint reflects that Plaintiff does, if fact, cite numerous federal statutes that he maintains Defendant violated. (*See* Pl.'s Compl., ECF No. 4 (alleging, *inter alia*, violations of 18 U.S.C. § 656 (theft, embezzlement, or misapplication by bank officer or employee), 18 U.S.C. § 1341 (frauds and swindles), 18 U.S.C. § 1349 (attempt and conspiracy), and 15 U.S.C. §§ 1681, 623, and 1681s-2 (Fair Credit Reporting Act)).) The fact that Plaintiff also cites numerous state statutes that he maintains Defendant violated does not deprive this Court of jurisdiction.

For these reasons, it is **RECOMMENDED** that Plaintiff's Motion to Strike Removal (ECF No. 7) be **DENIED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

     /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE