**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HOUSTON BYRD, Jr.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO. 2:21-cv-02447** |
| **v.** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **JPMORGAN CHASE BANK N.A.,** | : | **Magistrate Chelsey M. Vascura** |
| | : | |
| **Defendant.** | : | |

<u>**OPINION & ORDER**</u>

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 26) and Plaintiff's Objection to Magistrate Judge Order (ECF No. 27), Motion for Reconsideration (ECF No. 28), Motion for Sanctions (ECF No. 36), Motion for Objection (ECF No. 38), and Motion to Strike Appellee's Objections (ECF No. 40). For the reasons stated more fully below, Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED**. Plaintiff's Objections (ECF Nos. 27, 38) are **OVERRULED**, and Plaintiff's Motion for Reconsideration (ECF No. 28), Motion for Sanctions (ECF No. 36), and Motion to Strike (ECF No. 40) are **DENIED**. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

### A. Factual Background

This case arises out of an auto loan that Plaintiff Houston Byrd, Jr., secured in 2006. In connection to that loan, Plaintiff alleges that Defendant JPMorgan Chase Bank, N.A. ("Chase") engaged in various forms of civil and criminal misconduct, including, among other things, fraudulently fabricating and manipulating entries on legal documents, violating various consumer protection laws, and committing conspiracy, mail fraud, and theft.

1

On January 19, 2006, Plaintiff entered into a Retail Installment Contract with Ricart Used Car Auto of Columbus, Ohio, to finance his purchase of a 2005 Chrysler 300.  (ECF No. 4-3).  The amount financed was $28,471.46, to be repaid over 72 months at 7.20% annual percentage rate ("APR").  (*Id.*; ECF No. 4-15D).  If Mr. Byrd missed a payment by more than 10 days, he would be charged 5% of the payment or $25, whichever was less.  (ECF No. 4-3).  Additionally, the contract included a forced arbitration provision, requiring that "any claim or dispute . . . will be decided by arbitration and not in court or by a jury trial."  (ECF No. 4-14).  The provision also required Mr. Byrd to give up any rights to participate in a class action dispute.  (*Id.*).

By April 21, 2006, at the latest, the contract was assigned to Chase, which refinanced Mr. Byrd's loan to lower his payments from $489.86 per month to $446.51. (*See* ECF No. 4-7) (Plaintiff's first correspondence with Chase about the loan). From February 2006 to September 2010, Plaintiff made regular payments on the loan, though many of the payments were late and consequently were assessed late charges.  (ECF No. 4-2A, -2B).  Eleven of the late charges share the same "Post Date" of May 1, 2007, which Chase attributes to a payment reallocation following their waiver of Mr. Byrd's origination fee.  (ECF No. 4-2A, -4).  Mr. Byrd made payments on his accumulated late fees seven times, starting in December 2009 through April 2011.  (*See* ECF No. 4-2B) (various entries for "Late Chg Paymnt").

Between September 2010 and April 2011, Plaintiff failed to make any payments on his auto loan.  (ECF No. 4-2B).  Due to these failures, Chase charged off the remainder of the loan on April 29, 2011, repossessed the 2005 Chevrolet two weeks later, and informed Plaintiff of their intent to sell the vehicle to recoup the remainder of the loan.  (*Id.*; ECF No. 4-9).  Oddly enough, Chase subsequently sent Plaintiff conflicting correspondence that apparently "enclosed [his] vehicle title with a signed and stamped confirmation that [he had] paid-off [his] account."  (ECF

No. 4-8).  Chase then sent a third letter informing Mr. Byrd that Chase had updated the loan status to "paid in full charge off," and notified the credit agencies Experian, Equifax, and TransUnion of that update.  (ECF No. 4-10).

The trade line for this loan was later deleted.  (ECF No. 4-13).  By that time, however, it was too late.  At some point (the date is not listed), Mr. Byrd had a credit score of 820 from TransUnion on a 501-to-990 scale.  (ECF No. 4-18A).  On August 18, 2015, when Mr. Byrd was denied a loan for $3500 based on factors including "collection action or judgment" and "delinquent past or present credit obligations with others," his credit score sat at 659, according to Equifax (on a scale of 334 to 818).  (ECF No. 4-18B, -18C).  By January 2017, Mr. Byrd's credit score had fallen to 636 on a 250-to-843 scale.

Plaintiff filed numerous complaints about alleged misconduct by Defendant Chase with regards to his auto loan.  The dispute was submitted to arbitration in May 2012, with judgment granted in favor of Chase.  (*See* ECF No. 1-13).  Plaintiff also contacted Chase, the Customer Assistance Group ("CAG") of the Office of the Comptroller of the Currency ("OCC"), and Senator Rob Portman's office repeatedly.  In these communications, Plaintiff stated his allegations that Chase "asserted fraudulent interest rates, inserted fictitious 5/1 dates, charged excessive late fees, illegally repossessed [his] vehicle, submitted contradicted [sic] and disputed information to the credit bureau agency, and violated a variety of consumer laws."  (ECF No. 4-15D).  The CAG and the OCC found no cause for further action.  (*See* ECF No. 4-15A, -15B, -15C, -15D).

### B.      Procedural Background

Plaintiff, an Ohio resident proceeding pro se, commenced this action in the Court of Common Pleas for Franklin County, Ohio, on April 5, 2021.  (ECF No. 4).  Defendant removed the case to this Court on May 12, 2021, on the basis of original jurisdiction under 28 U.S.C. §

1331, noting that Plaintiff alleges violations of numerous federal statutes.  (*See* ECF No. 1 ¶ 7). In February 2022, Defendant filed a motion to dismiss for failure to state a claim (ECF No. 26). Plaintiff has also filed several motions of his own, including two objections (ECF Nos. 27, 38), a motion for reconsideration (ECF No. 28), a motion for sanctions (ECF No. 36), and a motion to strike (ECF No. 40).  Each motion is ripe for resolution by this Court.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  For purposes of this motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor the plaintiff." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotations marks omitted). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted).  A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  And though the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

In assessing a Rule 12(b)(6) motion to dismiss, the court's primary focus will be on the allegations in the complaint.  The court may also consider "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

*Pro se* complaints are evaluated according to "'less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Among such essentials are the obligations under Federal Rule of Civil Procedure 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."

### III.    LAW & ANALYSIS

Although lacking in clarity and specificity, Plaintiff's Complaint asserts six (6) causes of action against Chase.  (*See generally* ECF No. 4).  Defendant has moved to dismiss each of the six counts, arguing that all of Plaintiff's claims either rely on statutes without private rights of action or are barred by applicable statutes of limitation.  (*See* ECF No. 26 at 5–7).  Plaintiff has submitted two objections (ECF Nos. 27, 38), in addition to motions for reconsideration (ECF No. 28), for sanctions (ECF No. 36), and to strike (ECF No. 40).

#### A.    Motion to Dismiss

Plaintiff's Complaint alleges six counts of misconduct against Defendant Chase: (1) "Fraudulent and Improper Amortization"; (2) late fee pyramiding; (3) fraudulent insertion of 05/01/2007 entries in the bookkeeping of the loan (and late fees corresponding to the 05/01/2007

entries); (4) violations of the Fair Credit Reporting Act ("FCRA"); (5) charging Plaintiff a higher APR than written down in the loan agreement; and (6) forcing an unconscionable arbitration agreement on Plaintiff and not following required arbitration procedures.  Specifically, Plaintiff claims that Defendant Chase has violated, *inter alia*: the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666–1666j; the FCRA, 15 U.S.C. §§ 1681–1681x; 18 U.S.C. §§ 656, 1005–07, 1341, 1349; 12 C.F.R. § 227.15; Ohio Rev. Code § 1345.031(B)(7); Ohio Rev. Code §§ 2711.02, 2711.08, 2711.10, 2711.11, 2711.15; Ohio Rev. Code §§ 2913.02(A)(3), 2923.02.

Defendant argues that Plaintiff relies on federal and state criminal statutes that do not provide private rights of action.  (ECF No. 26 at 5–6).  Accordingly, Defendant contends that Plaintiff fails to state a claim with respect to any conduct that is alleged to have violated 18 U.S.C. §§ 656, 1005–07, 1341, 1349, 12 C.F.R. § 227.15, or Ohio Rev. Code §§ 2913.02(A)(3), 2923.02.

In general, "a private right of action is not maintainable under a criminal statute." *Am. Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973).  In cases "where there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)).  None of the federal criminal statutes cited in Plaintiff's Complaint contemplates a private cause of action.  *See, e.g.*, *Jenkins v. Fid. Bank*, 365 F. Supp. 1391, 1399 (E.D. Pa. 1973) (finding that 18 U.S.C. § 656 "provides no civil remedy"); *Fed. Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (agreeing that there is no civil cause of action arising from 18 U.S.C. § 1006); *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (noting that the mail fraud statute does not create a private right of action).  Plaintiff's claim pursuant to 12 C.F.R. § 227.15 falls flat for the same reason, as there is no private

right of action for enforcement of that statute.  *See Carter v. Bank of Am., N.A.*, 888 F. Supp. 2d 1, 16 (D.D.C. 2012); *see also* 15 U.S.C. § 45(m) (containing no provision for private rights of action to enforce violations of unfair methods of competition).

The same applies to Ohio criminal statutes.  State courts have noted that "[i]n the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state."  *Wurdlow v. Turvym*, 10th Dist., 2012-Ohio-4378, 977 N.E.2d 708, 712 (Ohio Ct. App. 2012).  Here, there are no specific provisions indicating that either Ohio Rev. Code § 2913.02(A)(3) or Ohio Rev. Code § 2923.02 incorporate private causes of action, unlike, for example, the state RICO statute.  *See* Ohio Rev. Code § 2323.34.

Defendant argues that the remainder of Plaintiff's claims are time-barred.  (ECF No. 26 at 7).  In Counts 1, 4, and 5, Plaintiff alleges violations of the FCBA, FCRA, and TILA.  Any action to enforce liability created under the FCRA must be brought within "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.  The FCBA amends the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, and is governed by the one year statute of limitations set forth in the TILA.  *See* 15 U.S.C. § 1640(e).  For allegations of fraud brought pursuant to TILA (and, therefore, for allegations of fraud pursuant to FCBA), "the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation."  *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984).  The alleged violations in this case occurred between February 27, 2006, and April 29, 2011, almost 10 years before Plaintiff filed his Complaint.  (*See* ECF No. 4-2A, -2B) (showing Chase's records of the loan with the alleged fraud, inserted

05/01/2007 dates, and late fees).  And Plaintiff discovered the alleged violations in Chase's bookkeeping by 2012 at the very latest, when he submitted his claims to arbitration.  (*See* ECF No. 4-15A).  In short, Plaintiff's claims under the FCBA, FCRA, and TILA are all time-barred.

In Count 2, Plaintiff alleges violations of state laws prohibiting residential mortgage suppliers from "[c]harging a late fee more than once with respect to a single late payment."  Ohio Rev. Code § 1345.031(B)(7).  Beyond the fact that Plaintiff's claim pursuant to this section of the Ohio Revised Code is unrelated to residential mortgages, his claim is also time-barred, as all such claims must be brought "not . . . more than two years after the occurrence of the violation which is the subject of the suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later."  *Id.* § 1345.10(C).  As mentioned earlier, the alleged violations occurred nearly 10 years prior to the filing of Plaintiff's Complaint.

Finally, in Count 6, Plaintiff claims that the forced arbitration provision in the loan agreement was substantively unconscionable and that the arbitration did not adhere to the Ohio Arbitration Act, specifically Ohio Rev. Code §§ 2711.02, .08–.11, 2711.15. This, too, is time-barred. Motions to vacate, modify, or correct an arbitration award must be served within three months, *see* Ohio Rev. Code § 2711.13, and breach of contract claims must be brought within eight (8) years at the time Plaintiff's Complaint was filed.  Ohio Rev. Code § 2305.06 (2012).

Plaintiff's Response (ECF No. 35) largely fails to address the arguments raised by Defendant's Motion to Dismiss.  Instead, the bulk of Plaintiff's Response focuses on his arguments that Defendant is in default and did not timely remove this action.  (*See generally id.*).  Neither contention has merit.  *See infra* Part III.B.  To the extent that Plaintiff addresses the question of whether his claims are time-barred, he notes only that he has received a letter from Chase dated

8

May 4, 2020. (ECF No. 35 at 7). As this correspondence provides no factual basis for conspiracy nor for any of Plaintiff's other allegations, its presence does not rescue Plaintiff's claims.

Accordingly, given Plaintiff's claims all rely on criminal statutes that do not give rise to private causes of action or are time-barred, Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED** on all counts.

### B. Objections

This Court next turns to various other pending motions filed by Plaintiff, including Plaintiff's Objection to Magistrate Judge's Order on Motion for Default Judgment (ECF No. 27) and Plaintiff's Motion for Objection, Findings R. 52 and en banc Reconsideration to the Appellee's February 22, 2022, Responses (ECF No. 38). Plaintiff filed a Motion for Default Judgment on February 7, 2022 (ECF No. 24). The Magistrate Judge denied the Motion, noting at the time that the deadline for Defendant's answer had not yet passed "such that Defendant is not in default" and that "Plaintiff did not first apply for and obtain an entry of default from the Clerk." (ECF No. 25 at 1). Plaintiff timely filed objections to the Magistrate Judge's Order. (ECF No. 27). Plaintiff later filed an additional motion (ECF No. 38) that simply contains a discursive restatement of various disagreements Plaintiff has with this Court's decisions and those of the Magistrate Judge. In keeping with the liberal construction afforded to *pro se* filings, this Court construes the motion as an additional objection to the Magistrate Judge's Order.

Unfortunately, both motions lack clarity, and neither provides any arguments beyond Plaintiff's bare assertion that the Magistrate Judge's Order was incorrect. (*Id.*; ECF No. 27). Under Federal Rule of Civil Procedure 72(a), a party may object to a Magistrate Judge's pretrial order on nondispositive matters. This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a).

Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (quoting 7 Moore's Federal Practice ¶ 72.03). But with respect to a Magistrate Judge's legal conclusions, "this Court must exercise its independent judgment" and may "overturn any conclusions which contradict or ignore applicable precepts of law." *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir.1994).

Defendant's answer was not due until February 18, 2022, after Plaintiff had already filed his Third Motion for Default Judgment (ECF No. 24). In other words, Defendant could not have been in default at the time of Plaintiff's motion. In fact, after Plaintiff submitted his Third Motion for Default Judgment (ECF No. 24), Defendant did timely file its motion to dismiss (ECF No. 26) on February 15, 2022. Moreover, as the Magistrate Judge accurately noted:

> Plaintiff did not first apply for and obtain an entry of default from the Clerk. . . . By asking only for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in Rule 55. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." (citation omitted)). The Court therefore cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib., Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may *then* enter default judgment." (emphasis added)) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)).

(ECF No. 25).

Lastly, Plaintiff again asserts that Defendant's Notice of Removal was untimely, even though this was not the subject of the Magistrate Judge's Order. (*See* ECF No. 27 at 3). This contention has already been addressed — and rejected. (*See* ECF No. 23, Opinion & Order, at 4–5). As this Court stated previously: "Plaintiff acknowledges that Defendant was served with the Complaint on April, 2021. This Court's docket reflects Defendant's Notice of Removal was filed in this Court on May 12, 2021, exactly 30 days later." (*Id.* at 4 (internal citations omitted)). Since

any "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," 28 U.S.C. § 1446(b)(1), Defendant's Notice of Removal was timely.

In summary, Defendant's removal of this action and motion to dismiss were proper and timely; additionally, Defendant was not in default.  As a result, Plaintiff's Motion for Default Judgment was properly denied.  Plaintiff's Objections (ECF Nos. 27, 38) are **OVERRULED** and the Magistrate Judge's Order (ECF No. 25) is **ADOPTED**.

### C.    Motion for Reconsideration

Contemporaneous with his Objection to Magistrate Judge Order (ECF No. 27), Plaintiff also submitted a Motion for Reconsideration.  (ECF No. 28).  Motions to reconsider are generally construed as motions to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e).  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  A motion to alter or amend judgment is permissible only if the movant can show that there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  It is not, however, an opportunity for an unsatisfied litigant to re-argue the same issue in an effort to procure a different result.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff's Motion for Reconsideration is wide-ranging but appears primarily to re-state his claims that Defendant was in default and that Defendant's Notice of Removal was untimely.  (*See* ECF No. 28 at 3, 4).  Plaintiff includes a number of additional arguments, namely that this Court

lacks subject matter jurisdiction over this action, Defendant failed timely to plead in state and federal court, and Defendant violated Federal Rules of Civil Procedure 11 by representing that it had timely removed this action. (*See id.* at 2–4). This Court has previously found all of these contentions without merit. (*See* ECF No. 23, Opinion & Order, at 4–5). Plaintiff has not put forward any newly discovered evidence, demonstrated any injustices that must be corrected, or pointed to any changes in the controlling law, or errors of law. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 28) is **DENIED**.

### D.    Motion for Sanctions

Plaintiff also seeks to sanction opposing counsel for violations of Federal Rules of Civil Procedure 11 and for perjury. (ECF No. 36). This is Plaintiff's second motion for sanctions. (ECF No. 14). Plaintiff's previous motion for sanctions was denied by the Magistrate Judge. (*See* ECF No. 15). Rule 11 sanctions are warranted if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). "The standard for determining whether to impose sanctions is one of objective unreasonableness." *Neighborhood Rsch. Inst. v. Campus Partners for Cmty. Urb. Dev.*, 212 F.R.D. 374, 378 (S.D. Ohio 2002) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)).

In denying Plaintiff's first motion for sanctions, the Magistrate Judge wrote that because "[t]his Court has already determined that this Court has subject-matter jurisdiction and thus was properly removed . . . the Court cannot conclude that Defendants' conduct in removing this action

was objectively unreasonable." (ECF No. 15) (citations omitted)). For the same reasons, Plaintiff's renewed Motion for Sanctions (ECF No. 36) is **DENIED**.

### E.     Motion to Strike Appellees' Objections

Finally, Plaintiff argues that this Court should strike Defendant's responses to Plaintiff's various motions for objections and sanctions (ECF Nos. 32, 37, 39). (ECF No. 40). Plaintiff does not specify what basis, if any, he has for this motion. Instead, he simply re-states his arguments that Defendant is in default and failed timely to remove this action in support of his Motion to Strike. (ECF No. 40 at 2–6). If Plaintiff seeks to rely on Federal Rules of Civil Procedure 12(f), that reliance is misplaced. Rule 12(f) permits the "court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. Proc. 12(f), but Defendant's responses are not pleadings and thus cannot be struck pursuant to that rule. Moreover, Plaintiff's same arguments about default and timeliness of removal, previously raised in several other motions, have been rejected repeatedly. (*See, e.g.*, ECF No. 23, Opinion & Order). They are rejected here on the same basis as they were before. Defendant, who timely filed its Notice of Removal (ECF No. 1) and Motion to Dismiss (ECF No. 26), was never in default; this Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 due to the numerous federal statutes cited by Plaintiff in his Complaint. (*See* ECF No. 4 at 2). Plaintiff's inability to accept these facts, despite repeated decisions from the Magistrate Judge and this Court, does not alter this Court's finding today. Accordingly, Plaintiff's Motion to Strike (ECF No. 40) is **DENIED**.

### IV.     CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED**. Plaintiff's Objections (ECF Nos. 27, 38) are **OVERRULED**, and Plaintiff's Motion

for Reconsideration (ECF No. 28), Motion for Sanctions (ECF No. 36), and Motion to Strike (ECF No. 40) are **DENIED**.  Plaintiff's action is **DISMISSED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**

                                            _____
                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 21, 2022**